**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 24, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

THOMAS W. CUNNINGHAM,

     Plaintiff - Appellant,

v.

THE CITY OF ALBUQUERQUE, NEW
MEXICO; ALBUQUERQUE POLICE
OFFICER, CHRIS LUTTRELL, In his
individual capacity or personal capacity,

     Defendants - Appellees.

No. 14-2204
(D. New Mexico)
(D.C. No. 1:13-CV-00977-LH-LAM)

**ORDER AND JUDGMENT**[*]

Before, **HARTZ**, **TYMKOVICH**, and **BALDOCK**, Circuit Judges.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Plaintiff Thomas W. Cunningham, proceeding pro se and *in forma pauperis*, brought an action under 42 U.S.C. § 1983 against the City of Albuquerque and Officer Chris Luttrell alleging that Luttrell violated his rights under the United States and New Mexico Constitutions. The United States District Court for the District of New Mexico dismissed most of the claims as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because of Plaintiff's conviction on drug charges arising out of the same episode. Those dismissals are not at issue on appeal. The sole issue on appeal concerns Plaintiff's Fourth Amendment claim—namely, whether the district court properly ruled on summary judgment that Luttrell had reasonable suspicion to stop the vehicle in which Plaintiff was a passenger. We affirm.

## I.    BACKGROUND

On the night of April 4, 2012, Plaintiff was in the passenger seat of a truck parked by a dumpster behind a pizza parlor in Albuquerque, New Mexico. Officer Luttrell was patrolling the area when he observed the truck. The area was known to Luttrell for a high level of drug-trafficking and prostitution. Two people were sitting in the truck and another person was standing next to the passenger door, which was open. According to Luttrell's affidavit, he observed a hand-to-hand transaction between Plaintiff and the man standing outside the truck. That man then departed and Plaintiff "ma[d]e a furtive movement, looking back and forth, picking up a black drawstring bag and placing it next to his left leg inside the vehicle." R., Vol. I at 97. Luttrell left his vehicle and approached the truck with a flashlight. He saw a bag of marijuana and a clear glass pipe

that were visible at the top of the black bag. He told Plaintiff to exit the truck and took the bag. The driver told Luttrell that the bag belonged to Plaintiff. A search of the bag also revealed a syringe, a needle, a spoon, and a small baggie of heroin. Luttrell arrested Plaintiff for possession of heroin and marijuana.

Plaintiff's version of events is rather different. According to Plaintiff, a man approached the truck and talked to him for some time. The man told Plaintiff that he had forgotten his change in the pizza parlor and asked him to hold the pizza while he went back inside. When the man returned, he stood there looking for his change until he saw a police officer, whereupon he said he had warrants, grabbed his pizza, and left. The officer then parked his car behind the truck, blocking it in. Plaintiff never possessed the black bag or any of its contents, nor did he make any furtive movements.

## II. DISCUSSION

"We review the district court's grant of summary judgment de novo, reviewing the evidence in the light most favorable to the nonmoving party." *Clark v. Edmunds*, 513 F.3d 1219, 1221–22 (10th Cir. 2008) (brackets and internal quotation marks omitted). To justify an investigatory stop, "the officer must have reasonable suspicion to believe that criminal activity may be afoot." *United States v. Simpson*, 609 F.3d 1140, 1146 (10th Cir. 2010) (internal quotation marks omitted). "[T]he existence of objectively reasonable suspicion of illegal activity does not depend upon any one factor, but on the totality of the circumstances." *Id.* (internal quotation marks omitted).

We agree with the district court that Officer Luttrell had reasonable suspicion to stop Plaintiff. Although Plaintiff disputes the veracity of much of Luttrell's account, it is undisputed that Luttrell saw him exchange something through the window of a truck and the person outside the truck departed when he spotted the officer. The transaction was in an out-of-the-way spot in a high-crime area at night. *See United States v. Paulette*, 457 F.3d 601, 606 (6th Cir. 2006) ("[T]he officers had a reasonable suspicion that Paulette was engaged in criminal activity based upon his hand movements consistent with drug-dealing activity, efforts to evade the police upon noticing them, and presence in a high crime area"); *United States v. Lopez-Garcia*, 565 F.3d 1306, 1313–14 (11th Cir. 2009) (similar).

Plaintiff appears to argue that fingerprint and DNA evidence and statements from the driver of the truck would show that the bag did not belong to him. But on appeal he challenges only the initial stop. The lawfulness of the stop does not depend on his possession of the bag, but on whether the observations by the officer at the time of the stop supported reasonable suspicion. He also argues that the district court erred in dismissing his state-law claims. But his objections to the magistrate judge's report and recommendation made no mention of those claims; rather, they focused on the evidence relating to reasonable suspicion and guilt. *See Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000) (appellant is barred from raising issues not raised in objections to magistrate judge's recommendation).

We AFFIRM the district court's decision.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge